UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Steven J. Beaudette

    v.                                    Civil No. 11-cv-569-JD

Bank of America, Inc.


O R D E R


    Steven J. Beaudette, proceeding pro se, filed suit against

the Bank of America, Inc. in state court, alleging that the Bank

of America improperly initiated foreclosure proceedings while a

loan modification was in progress.  The Bank of America removed

the case to this court based on diversity jurisdiction, 28 U.S.C.

§ 1332.  Beaudette filed an objection to removal, a motion to

dismiss and remand the case, and a motion for appointment of

counsel.


I.  Objection to Removal and Motion to Remand[1]

    In his objection to removal, Beaudette argues that he has

the right to proceed in state court and that the Bank of America

is attempting to subvert his right through removal.  Federal

_____

    [1]Although Beaudette also moves to dismiss the action, the
court assumes that part of the motion is a mistake.  If, however,
Beaudette intends to voluntarily dismiss his claims, the
procedure is provided by Federal Rule of Civil Procedure 41(a).

district courts have original jurisdiction over all civil actions in which the matter in controversy exceeds $75,000 and the suit is between citizens of different states. § 1332(a)(1). For purposes of § 1332, a corporation is deemed to be a citizen of any state in which it is incorporated and the state where it has its principal place of business. § 1332(c)(1). A civil action that falls within the original jurisdiction of the federal district courts but is brought in state court may be removed to the federal district court in the district where the state action is pending. 28 U.S.C. § 1441(a).

The Bank of America represents that Beaudette is a citizen of New Hampshire, and Beaudette does not dispute that representation. The Bank of America further represents that it is incorporated in Delaware and has its principal place of business in Charlotte, North Carolina, which Beaudette does not dispute. Therefore, the Bank of America and Beaudette are citizens of different states. Beaudette does not challenge the jurisdictional amount in controversy. Because the Bank of America has demonstrated the elements of diversity jurisdiction, this court has original jurisdiction over Beaudette's action, making removal appropriate under § 1441(a).

In his motion to remand, Beaudette contends that the Bank of America did not remove the case within the thirty days allowed

under 28 U.S.C. § 1446(b). He states that because his complaint was served in the morning of November 8, 2011, and the notice of removal was not filed until the evening of December 8, 2011, removal was untimely. Beaudette is mistaken. When the period allowed is stated in days, the time is counted in days, not hours. Fed. R. Civ. P. 6(a)(1). The Bank of America filed its notice of removal on the thirtieth day, within the time allowed under § 1446(b).

II. Motion for Appointment of Counsel

Beaudette moves for appointment of counsel to represent him in this case. In support, Beaudette states that he "is without funds to pay" for representation and that "THE fed Court system is a strain for gifted attorneys, let alone a lay person." Beaudette has not requested nor been granted in forma pauperis status under 28 U.S.C. § 1915(a).

Section 1915(e)(1) allows the court to request an attorney to represent any person who is unable to afford representation. Beaudette, however, has not provided any evidentiary support for his statement that is unable to afford representation. See, e.g., § 1915(a). A plaintiff in a civil action has no constitutional right to appointed counsel. DesRosiers v. Moran,

949 F.2d 15, 23 (1st Cir. 1991). Therefore, Beaudette has not provided any supported reason for appointment of counsel.

## Conclusion

For the foregoing reasons, the plaintiff's motion to dismiss and remand (document no. 5) and his motion for appointment of counsel (document no. 6) are denied.


SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

January 5, 2012

cc: Steven J. Beaudette, pro se
    Christopher J. Somma, Esquire