```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Steven J. Beaudette

    v.                                           Civil No. 11-cv-569-JD
                                                         Opinion No. 2012 DNH 015

Bank of America, Inc.

# O R D E R

Steven J. Beaudette, proceeding pro se, filed suit against Bank of America, Inc. in state court, alleging that Bank of America improperly initiated foreclosure proceedings while a loan modification was in progress.[1] Bank of America removed the case to this court based on diversity jurisdiction, 28 U.S.C. § 1332, and now moves to dismiss. Beaudette failed to file a response to either motion within the time allowed.

When a party moves to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), the court proceeds in a two-step process. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 10 (1st Cir. 2011). First, the court separates the factual allegations from the legal conclusions stated in the complaint. Id. Second, the court accepts the factual allegations as true and determines

---

[1] Bank of America's motion to substitute parties was granted, making Bank of America, N.A. and Bank of America Corporation the defendant parties.

whether the facts state a plausible claim for relief.  Id.  A plausible claim means that the facts permit a reasonable inference that the defendant is liable for the claim that is alleged.  Id.  Although pro se complaints are construed liberally, the complaint must satisfy the same standard.  See Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011); Rockwell v. Cape Cod Hosp., 26 F.3d 254, 260 (1st Cir. 1994).

    Beaudette alleges that he had a mortgage held by Bank of America on his home in Dover, New Hampshire.  He further alleges that on September 28, 2011, "[t]hey entered into a loan modification."  He also alleges, however, that "said modification gave the Plaintiff until 10/13/2011 to send all Doc's [sic] requested."  Therefore, Beaudette's allegations are construed to mean that Bank of America sent him an application for a loan modification that required him to send the required documents to Bank of America by October 13, 2011.

    While the application was pending, Beaudette alleges, Bank of America began foreclosure proceedings on the property.  Beaudette states that he received a letter, dated October 5, 2011, from attorneys for Bank of America "to facilitate foreclosure."  Beaudette concludes by stating that Bank of America's "actions were the cause of said abusive and mental anguish."

Bank of America interprets Beaudette's claim as intentional infliction of emotional distress. Because Beaudette did not respond to the motion, he has not challenged that interpretation of his claim. Intentional infliction of emotional distress is a reasonable interpretation of Beaudette's claim of "abusive and mental anguish."

"In order to make out a claim for intentional infliction of emotional distress, a plaintiff must allege that a defendant by extreme and outrageous conduct, intentionally or recklessly caused severe emotional distress to another." Tessier v. Rockefeller, 162 N.H. 324, --- A.2d ---, 2011 WL 4133840, at *11 (N.H. Sept. 15, 2011) (internal quotation marks omitted). Extreme and outrageous conduct, for purposes of a claim for intentional infliction of emotional distress, must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Id. (quoting Mikell v. School Admin. Unit No. 33, 158 N.H. 723, 729 (2009)).

Beaudette provides few facts to support his claim. He alleges that Bank of America sent him an application for a loan modification for his home mortgage and at the same time proceeded with foreclosure proceedings against him. The only conduct

Beaudette alleges is that Bank of America sent him the application and then Bank of America's lawyers sent him a letter about facilitating foreclosure proceedings.  Beaudette does not allege what happened with respect to either the loan modification or the foreclosure and provides no detail about the "abusive and mental anguish" he experienced.

Generally, courts have not found that banks' activities in obtaining mortgages that result in foreclosure meet the high standard required to state a claim for intentional infliction of emotional distress.  See, e.g., Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1046 (9th Cir. 2011); Brown v. First Nationwide Mortg., 206 Fed. Appx. 436, 443 (6th Cir. 2006); Sharpe v. Select Portfolio Servs., Inc., 2012 WL 70836, at *2 (D. Ariz. Jan. 10, 2012); Setzer v. Richards, 2012 WL 32943, at *8 (W.D. Tex. Jan. 5, 2012); Jozlin v. U.S. Bank Nat'l Ass'n, 2012 WL 12760, at *5 (E.D. Mich. Jan. 4, 2012).  Beaudette has not alleged facts in this case that provide any basis for his claim.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 12) is granted.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

                                        /s/ Joseph A. DiClerico, Jr.
                                        Joseph A. DiClerico, Jr.
                                        United States District Judge

January 18, 2012


cc:   Steven J. Beaudette, pro se
       Christopher J. Somma, Esquire