UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Steven J. Beaudette

   v.                                   Civil No. 11-cv-569-JD
                                        Opinion No. 2012 DNH 045

Bank of America Corporation


O R D E R

Steven J. Beaudette, proceeding pro se, filed suit against the Bank of America, Inc. in state court, alleging that the Bank improperly initiated foreclosure proceedings while a loan modification was in progress. The Bank removed the case to this court based on diversity jurisdiction, 28 U.S.C. § 1332. Beaudette filed an objection to removal, a motion to dismiss and remand the case, and a motion for appointment of counsel, which were denied. The Bank moved to substitute a party and to dismiss. Beaudette failed to respond to either of the Bank's motions, and they were granted.

Beaudette filed a motion for reconsideration of the order denying his motion to remand and an objection to the court's order granting the Bank's motion to dismiss. In his objection, Beaudette represented that he did not receive the Bank's motion to dismiss. The court granted Beaudette time to file his response to the Bank's motion, and he has now filed a response.

A.  <u>Motion for Reconsideration</u>

In general, "motions for reconsideration are appropriate only in a limited number of circumstances. . . ." <u>United States v. Allen</u>, 573 F.3d 42, 53 (1st Cir. 2009). "A court appropriately may grant a motion for reconsideration where the movant shows a manifest error of law or newly discovered evidence" or when "the court has patently misunderstood a party or has made an error not of reasoning but apprehension." <u>Ruiz Rivera v. Pfizer Pharms., LLC</u>, 521 F.3d 76, 81-82 (1st Cir. 2008) (internal quotation marks omitted). "Motions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court" in support of the party's original motion. <u>Allen</u>, 573 F.3d at 53 (quoting <u>Iverson v. City of Boston</u>, 452 F.3d 94, 104 (1st Cir. 2006)).

Beaudette argued in support of his motion to remand that the Bank failed to remove the case from state court within the thirty days allowed. <u>See</u> 28 U.S.C. § 1446(b). Beaudette's theory was based on the hour the complaint was served and the hour the notice of removal was filed. The court explained that under the Federal Rules of Civil Procedure, the time under § 1446(b) is

counted in days, not hours and denied the motion. <u>See</u> Fed. R. Civ. P. 6(a)(1).

In his motion for reconsideration, Beaudette argues that if both the day of service and the filing date are counted, the notice of removal was filed on the thirty-first day. He also repeats his argument based on the hours of service and filing. As provided in Rule 6(a), the time is computed in days, not hours, and the day of the triggering event is not counted. Therefore, the removal notice was timely filed.

B. <u>Motion to Dismiss</u>

The Bank interpreted Beaudette's complaint to allege a claim for intentional infliction of emotional distress. The Bank moved to dismiss the claim on the ground that Beaudette failed to allege sufficient facts to state that claim. Beaudette did not file a response to the motion. The motion was granted.

Subsequently Beaudette was permitted to file a late response in which he does not oppose dismissal of a claim for intentional infliction of emotional distress but suggests that he intended to allege claims against the Bank for deceptive practices and due process violations. Because Beaudette is proceeding pro se, he will be given an opportunity to file an amended complaint to allege the claim or claims, other than intentional infliction of

emotional distress, that he intends to bring against the Bank. If Beaudette chooses to file an amended complaint, he shall follow the schedule provided below.

Conclusion

For the foregoing reasons, the plaintiff's motion for reconsideration (document no. 16) is denied.

The plaintiff's response to the defendant's motion to dismiss has been considered. The defendant's motion is granted, as held in the court's order issued on January 18, 2012. The intentional infliction of emotional distress claim is dismissed.

The plaintiff is granted an opportunity to file an amended complaint, which shall be filed on or before **March 1, 2012.** If an amended complaint is not filed by that date, the case will remain closed.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

February 15, 2012

cc:  Steven J. Beaudette, pro se
     Christopher J. Somma, Esquire